IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:12-CV-55-D

| | |
|---|---|
| GREGORY ROBERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM &** |
| ) | **RECOMMENDATION** |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon the parties' cross Motions for Judgment on the Pleadings. (DE's-23 & 26). Plaintiff has filed a response (DE-28), and Defendant has filed a reply (DE-30). The time for filing any further responses or replies has expired, and, therefore, these motions are now ripe for adjudication. Pursuant to 28 U.S.C. § 636(b)(1), these motions have been referred to the undersigned for the entry of a Memorandum and Recommendation. (DE-29) For the following reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-23) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-26) be GRANTED, and that the final decision by Defendant be AFFIRMED.

**Statement of the Case**

Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on December 4, 2008, alleging that he became unable to work on September 9, 2008. (Tr. 14). This application was denied initially and upon reconsideration. *Id.* A hearing

1

was held before an Administrative Law Judge ("ALJ"), who determined that Plaintiff was not disabled during the relevant time period in a decision dated October 5, 2010. *Id.* at 14-22. The Social Security Administration's Office of Hearings and Appeals denied Plaintiff's request for review on February 6, 2012, rendering the ALJ's determination as Defendant's final decision. *Id.* at 1-5. Plaintiff filed the instant action on April 10, 2012. (DE-6).

**Standard of Review**

This Court is authorized to review Defendant's denial of benefits under 42 U.S.C. § 405(g), which provides in pertinent part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive...
>
> 42 U.S.C. § 405(g).

"Under the Social Security Act, [the Court] must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). "It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). "In reviewing for substantial evidence, . . . [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute . . . [its] judgment for that of the Secretary." Craig, 76 F.3d at 589. Thus, this Court's review is limited to determining whether Defendant's finding that Plaintiff was not disabled is "supported by

2

substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

**Analysis**

The Social Security Administration has promulgated the following regulations which establish a sequential evaluation process that must be followed to determine whether a claimant is entitled to disability benefits:

> The five step analysis begins with the question of whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c). If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App.I. If so the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a). If the answer is in the affirmative, the final consideration looks to whether the impairment precludes the claimant from performing other work. 20 C.F.R. § 404.1520(f).
>
> Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001).

In the instant action, the ALJ employed the sequential evaluation. First, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since September 9, 2008. (Tr. 16). At step two, the ALJ found that Plaintiff had the following severe impairments: 1) diabetes mellitus type II; 2) diabetic foot abscesses; 3) peripheral neuropathy; 4) osteomyelitis; and 5) hypertension. *Id.* However, the ALJ determined that these impairments were not severe enough to meet or medically equal one of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. *Id.* at 17. Next, the ALJ determined that Plaintiff had the following residual functional capacity ("RFC"):

3

> claimant has the residual functional capacity to lift and carry up to 10 pounds frequently and 20 pounds occasionally, and to stand and walk for up to six hours in an eight-hour work day, and to sit for up to six hours in an eight-hour work day. The claimant could use a one-handed assistive device at will and would need to elevate his lower extremity for one hour per day during break and lunch. The claimant can never climb ladders, occasionally balance and climb stairs. The claimant would need to avoid work involving unprotected heights, dangerous moving machinery, and the operation of commercial motor vehicles or use of firearms.
>
> *Id.*

The ALJ then determined that Plaintiff was unable to perform his pas relevant work. *Id.* at 20. However, based on the testimony of a vocational expert, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. *Id.* Accordingly, the ALJ determined that Plaintiff was not under a disability from September 9, 2008 through October 5, 2010. *Id.*

The ALJ's findings were accompanied by a thorough review and assessment of the entire record. This "assessment . . . provides a backdrop for the ALJ's evaluation[s] . . . and provides insight into [them]." Worden v. Astrue, 2012 WL 2919923, *5 (E.D.N.C. May 29, 2012), *Report and Recommendation Adopted by*, Worden v. Astrue, 2012 WL 2920289. Moreover, the undersigned has reviewed the entire record and finds that the ALJ's determinations were supported by substantial evidence, which shall now be summarized.

During several examinations, Plaintiff, either: 1) had no complaints; 2) denied any problems; and/or 3) denied any pain. *Id.* at 180, 191, 274, 278, 307, 308, 316, 317, 326, 327, 334, 335, 342, 343, 348, 349, 354, 355, 359, 360, 374, 375, 384, 390. Plaintiff was ambulating in a regular shoe and had no recent pain on January 15, 2009. *Id.* at 386. He had minimal discomfort and his neuropathy was stable on January 22, 2009. *Id.* at 388. Plaintiff's right foot

4

demonstrated no signs of osteomyelitis or atypia on February 5, 2009. *Id.* at 390. His pain and discomfort was minimal to non-existent. *Id.* On February 10, 2009, Plaintiff stated he was "doing great." *Id.* at 342.

On September 11, 2008, it was noted that Plaintiff had "not been taking his diabetic pill for at least the last year." *Id.* at 183. Plaintiff had no hypoglycemic or hyperglycemic symptoms during subsequent examinations. *Id.* at 308, 317, 327, 335, 343, 349, 355, 360, 375. It was noted on October 23, 2008 that Plaintiff's control of his diabetes mellitus was improving. *Id.* at 325. His blood glucose was "running in normal range" on November 11, 2008. *Id.* at 337.

Plaintiff was diagnosed with a diabetic foot ulcer in September, 2008. *Id.* at 187. He underwent a irrigation and debridement procedure on September 12, 2008. *Id.* During a September 30, 2008 examination Plaintiff had no complaints and his foot pain was "better." *Id.* at 278. On October 10, 2008, Dr. Philip Perdue noted no "complicating features" with regard to Plaintiff's foot. *Id.* at 181. Plaintiff had no abscess or cellullitis on October 30, 2008. *Id.* at 191. Dr. Perdue stated on December 4, 2008 that all of Plaintiff's wounds were closed. *Id.* at 179. X-rays showed no evidence of osteomyelitis. *Id.* Plaintiff was advised to keep his diabetes under strict control and to pay strict attention to the hygiene of his feet. *Id.* On December 12, 2008, Plaintiff stated that the wound was "getting much better [and] . . . heal[ing] up." *Id.* at 377. He denied any pain or discomfort on February 19, 2009 and inquired about possibly returning to work. *Id.* at 384. His ulceration was deemed healed. *Id.*

On May 11, 2009, it was determined that Plaintiff could: 1) occasionally lift and/or carry 50 pounds; 2) frequently lift and/or carry 25 pounds; and 3) stand, walk and sit for about six hours in an eight hour workday. *Id.* at 494. These determinations were affirmed by Dr. Janet Johnson-Hunter on June 5, 2009. *Id.* at 501.

5

On June 28, 2010, additional ulcerations on Plaintiff's right foot were described as "healed." *Id.* at 507.

This Court must uphold Defendant's final decision if it is supported by substantial evidence. Plaintiff's assignments of error largely rely on the contention that the ALJ "failed" to consider portions of the record. However, as noted above, the ALJ thoroughly discussed and summarized the entire record. Although Plaintiff may disagree with the determinations made by the ALJ after weighing the relevant factors, the role of this Court is not to undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Secretary. Craig, 76 F.3d at 589. Because that is what Plaintiff requests this Court do, his claims are without merit.

For example, Plaintiff argues that "[t]he ALJ's RFC is not supported by substantial evidence." (DE-24, pg. 9). This argument is supported by Plaintiff's description of various pieces of evidence that the ALJ should have given greater weight. However, the ALJ's RFC determination was supported by the above summarized substantial evidence. Thus, this argument is without merit.

Plaintiff also argues that the ALJ inappropriately addressed his credibility. During the hearing in this matter, Plaintiff testified that he still experiences swelling and soreness in his right foot. *Id.* at 35. He said the wounds on his right foot had not healed and caused him pain. *Id.* at 37. This pain worsens if his leg is not elevated. *Id.* at 42. Plaintiff testified that he "can't walk that far" and the "he [does not] really drive." *Id.* at 40. According to Plaintiff he could only stand for 30 minutes before needing to sit down, and only sit for 45 minutes before needing to stand up. *Id.* at 41. The ALJ ultimately determined that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are

6

inconsistent with the [ALJ's] residual functional capacity assessment." *Id.* at 18.

"Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Furthermore, the regulations provide a two-step process for evaluating a claimant's subjective complaints of pain or other symptoms. 20 C.F.R. § 404.1529; Craig , 76 F.3d at 593-96. First, the ALJ must determine whether there is objective medical evidence showing the existence of a medical impairment that could be reasonably expected to produce the pain or alleged symptoms. 20 C.F.R. § 404.1529(b); Craig, 76 F.3d at 594. Second, the ALJ evaluates the intensity and persistence of the symptoms to determine how they limit the capacity for work. 20 C.F.R. 404.1529(c); Craig, 76 F.3d at 595. The ALJ evaluates the intensity and persistence of the symptoms and the extent to which they limit a claimant's capacity for work in light of all the available evidence, including the objective medical evidence. 20 C.F.R. 404.1529(c). At the second step, however, claims of disabling symptoms may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of the symptoms. *See* Craig, 76 F.3d at 595. Since symptoms can sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, all other information about symptoms, including statements of the claimant, must be carefully considered in the second part of the evaluation. 20 C.F.R. 404.1529(c)(2). The extent to which a claimant's statements about symptoms can be relied upon as probative evidence in determining whether the claimant is disabled depends on the credibility of the statements. SSR 96-7p, 1996 WL 374186, *4. Ultimately, the ALJ's findings with regard to a claimant's credibility must "contain specific reasons . . . supported by evidence in the case record." *Id.* at * 2.

Here, the ALJ followed these standards in assessing Plaintiff's credibility. The ALJ's findings of fact demonstrate that the ALJ gave proper weight to all of Plaintiff's limitations and impairments in assessing Plaintiff's credibility. Likewise, the ALJ's citations to Plaintiff's medical records constitute substantial evidence which support that assessment. Accordingly, this assignment of error is without merit.

**Conclusion**

For the aforementioned reasons, it is RECOMMENDED that Plaintiff's Motion for Judgment on the Pleadings (DE-23) be DENIED, that Defendant's Motion for Judgment on the Pleadings (DE-26) be GRANTED, and that the final decision by Defendant be AFFIRMED.

SO RECOMMENDED in Chambers at Raleigh, North Carolina on Wednesday, December 19, 2012.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE